# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

SANDRA ESTEFANIA LEMA-GUARACA, *et al.*,

   Petitioners,

v.

WILLIAM P. BARR, Attorney General of the United States, *et al.*,

   Respondents.

Case No. 19-cv-01846-BAS-KSC

**ORDER DIRECTING RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION**

**[ECF No. 1]**

## I. BACKGROUND

On September 26, 2019, Petitioners Sandra Estefania Lema-Guaraca and her minor child, Derick Joshua Morocho Lema, filed a motion for a temporary restraining order requesting intervention by this Court to prevent their removal from the United States. (ECF No. 1 at ¶ 20.) Petitioners allege that they entered without inspection on June 28, 2019 and were improperly placed in the Migrant Protection Protocols ("MPP") program. (*Id.* ¶ 3.) Petitioners have been paroled into the United States for a hearing with an immigration judge. (*Id.* ¶ 6.)

Petitioners claim that the Department of Homeland Security ("DHS") has improperly placed in MPP proceedings, forcing Petitioners "to prepare their asylum cases while awaiting their removal proceedings in Mexico." (*Id.* ¶ 3.) Further, Petitioners

- 1 -

contend that although the Immigration Judge presiding over their removal proceedings has acknowledged that DHS lacks statutory authority for their placement of Petitioners in the MPP program, he "cannot equitably remedy DHS' actions" and instead intends to terminate the proceedings. (*Id.* ¶ 9.) Plaintiff state that termination of their case would nevertheless result in Petitioners' return to Mexico where they would be "required to begin the entire process all over again, or risk returning to their certain deaths in their home countries." (*Id.* ¶¶ 7, 9, 12.)

Petitioners allege that they "face imminent removal from the United States on this date, September 26, 2019 immediately following their hearing which is scheduled to begin at 1:00 p.m., at which time Petitioners anticipate that the Immigration Judge will terminate their MPP cases . . . ." (*Id.* at ¶ 26.) Thus, Petitioners seek the instant temporary restraining order until this Court "has had the opportunity to consider and rule on a preliminary injunction or until an appropriate process has been implemented to determine whether, in light of current conditions and circumstances, Petitioners are entitled to mandatory protection from removal." (*Id.* at ¶ 28.)

## II. ANALYSIS

Under the Federal Rules of Civil Procedure, a court

> may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Upon review of the instant motion, it does not appear that Petitioners have included an affidavit or verified complaint establishing the specific facts showing their immediate and irreparable injury. *See id.* Petitioners therefore have not satisfied the procedural requirements of Rule 65(b)(1). *See, e.g.*, *Grande v. Sharper Future*, No. 2:19-CV-02471-ODW (AGR), 2019 WL 1506011, at *2 (C.D. Cal. Apr. 5, 2019) (denying motion for temporary restraining order where movant did not submit

evidence or an affidavit establishing that immediate and irreparable injury before notice could be given to responding party).

As such, the Court construes Petitioners' motion for a temporary restraining order as a motion for a preliminary injunction requiring a response from Respondents. *See* Fed. R. Civ. P. 65(a)(1) ("The Court may issue a preliminary injunction only on notice to the adverse party."); *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)) ("The stringent restrictions imposed . . . by Rule 65 on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.").

## III. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Respondents to file a response no later than **September 30, 2019**. Further, the Court directs the Clerk of Court to serve a copy of this Order on the United States Attorney's Office for the Southern District of California.

**IT IS SO ORDERED.**

**DATED: September 26, 2019**

Hon. Cynthia Bashant
United States District Judge